This Cause coming on to be heard this day, by Consent of Parties, upon Bill and Answer; The Scope of the Complainant’s Bill was to have an Equal third part of the Personal Estate of Noah Serre an Infant in the Bill named, who died Intestate, and that as well the Legacy of one Seventh part of the Residuum of the personal Estate given and bequeathed to him by the Will of his Father Noah Serre, as also the Estate and Interest which came to the Said Noah the Son by the Death of his three Several Sisters should go in a course of Administration to the Complainant and Mary Dutarque and Judith Serre in equal Shares and portions according to the directions of the Statute for Settling Intestates Estates, together with one equal third part of the Specific Personal Estate, and which came to the Said Norah Serre by his Father’s Will, and by the Death of his Sisters as aforesaid with Interest. And that the Defendant John Dutarque Senior may join with the Said David Caw in procuring a Division to be made of the said personal Estate, And that he Account with the Complainant for the Interest Profits and Increase therefrom arising upon a Division by proper Persons to be appointed by the Order of this Court, To which said Bill the Infant Defendants by Stephen Miller their Guardian put in their joint and Several Answers referring to the Answer of the Said John Dutarque, and the Said Defendant John Dutarque by his Answer, amongst other things therein Set forth, Denied That Thomas Caw .the Complainant is intitled to any part or share of the Personal Estate in Question, for that the same never was vested in the Complainant according to the Testator’s Will, he the said Complainant having died an Infant under the Age of twenty one Years, but that the Said Estate was a lapsed Legacy and ought to go to the two Defendants Mary Dutarque and Judith Serre Daughters of the Said Noah Serre the Testator, and that the Complainant *473 not being of Kin to the said Testator hath not an Equitable Right to any part of the Said Legacies So lapsed; And the said Defendant prayed the Judgment of the Court, whether he shall be compelled to render the Complainant any Account of the Said Estate which belonged to Noah Serre the Testator, except the two Schooners and Six Negroe Slaves which were Specifically Bequeathed to the said Noah Serre the Son by his Father’s Will, and which the said Defendant by his Answer admits was vested in Noah Serre the Son in his Life Time, and for which he is ready and willing to account with the Complainant and for the Profits and Increase thereof, and the same to deliver over to the Complainant; as this Court shall decree and order. Whereupon and on reading the Will of the Testator, and hearing what was alledged by Counsel learned, on all Sides, The Court thought fit to defer pronouncing their Decree till the next Sitting of the Court.
Friday the 8th March 1754, The Court met.
Present, His Excellency, the Governor and the Honorable Members who were present at the Opening and Hearing of this Cause, as also the Honorable William Middleton, Esq.
Upon Consideration had of this Cause, The Court are unanimous in Opinion, and accordingly Declare, that one Seventh part of N oah Serre the said Testator’s Residuary personal Estate Bequeathed in and by his last Will and Testament unto his Said Son Noah Serre the Younger was well vested in him upon his Fathers Death, though he did not live to Attain the Age of Twenty one Years, and that as the said Noah Serre the Son died intestate and without Issue, The Complainant Thomas Caw as Brother of the half Blood to the said Noah Serre the son is well inti tied to one third part of the whole Personal Estate that belonged to him at the time of his Death, together with Such Interest Increase and Profits as have arisen or accrued there from Equally with the Defendants Mary Dutarque and Judith Serre Sisters of the whole Blood of the said Noah Serre the Younger, in a Course of Distribution; It is therefore Ordered and Decreed-That it be referred to the Master of this Court, to take an Account of what was the Residue and Remainder of the said Testator Noah Serre’s Personal Estate, and of the respective values thereof, as well as of the value of the Schooners and other Specific Legacies given to the Said Noah the Son by the said Will, and of the Interest and Profits arisen or accrued therefrom; And for that purpose, that the said Master Do Examine upon Oath the Complainant David Caw and the Defendant John Dutarque Senior as to what part of the said Testator’s Residuary Personal Estate of the said Intestates came to the hands of Catharine late the Wife of the said David Caw and one of the Executors of the last Will and Testament of the said Noah Serre the elder,-as also as to what came to the hands of the said John Dutarque Senior or either of them or to the hands of any other Person by their or either of their Order or Privity, or for their or *474 either of their use, and that such part thereof as the said Noah Serre the Son was intitled to in his own Right or in Right of his three Sisters Elizabeth Hesther and Catharine be Equally Divided between the Complainant and the two Defendants Mary Dutarque and Judith Serré; Saving and reserving nevertheless to the said Mary Dutarque and Judith Serre and each of them an Opportunity of Shewing Cause within Six Months after their arriving respectively to the full age of twenty one Years, if any Cause they can Shew, why this present Order and Decree should be reversed altered or amended. And Lastly, it is Ordered and Decreed That the Defendant John Dutarque Senior Executor of the said Noah Serre the elder do pay all the Costs of this Suit out of the Said gross Estate and Effects now in his hands, to all Parties to this time And Liberty is reserved to all Parties to apply to the Court as there shall be occasion.
Alexr Stewart Register in Chancery
The Vestry of the Parish of St. Thomas having preferred three several Memorials, to this Court Setting forth, that they have laid before the Court for their Inspection the Accounts of their Transactions and Proceedings any way touching or concerning the Donation and Charity of Richard Beresford Esq. to the Said Vestry from the 25th day of March 1750 To the 25th day of March 1753 inclusive, pursuant to an Act of the General Assembly for Incorporating the said Vestry; Now upon Motion of the Attorney General on behalf of the Memorialists made to this Court It is Ordered That the said Accounts so returned by them under their Hands and the Corporation Seal may be received and Filed among the Records of this Court.
Alexr Stewart Register in Chancery